UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JONATHAN MAURICE CARTER,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SSA,<br><br>  Defendant. | CASE NO. 5:24-CV-00087-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on plaintiff Jonathan Carter's motion for review of the final decision of the Commission of Social Security. (DE 8.) Carter brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the denial of his claim for Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will deny Carter's appeal and affirm the Commissioner's decision.

I.

The Court's review of the decision (the "decision") by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). The Court cannot reverse the ALJ "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter, Commissioner of Social Security*, 246 F.3d 762, 772 (6th Cir. 2001).

In denying Carter's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

1

At step one, the ALJ determined Carter had not engaged in substantial gainful activity since November 23, 2021. (Administrative Record ("AR") at 20.)

At step two, the ALJ determined Carter had been suffering from the following severe impairments: disorders of the skeletal spine and peripheral neuropathy. (*Id.*)

At step three, the ALJ found that Carter's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 22.)

Before proceeding to step four, the ALJ assessed Carter's residual functional capacity ("RFC"). (*Id.* at 22–25.) In making this assessment, the ALJ considered all of Carter's symptoms to the extent they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered and weighed the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Carter has the RFC to perform "sedentary work" with limitations. (*Id.*)

At step four, given Carter's RFC, the ALJ found that Carter was unable to perform any of his past relevant work. (*Id.* at 25.)

At step five, the ALJ relied on vocational expert testimony to find that Carter was able to perform other work existing in the national economy. (*Id.*) The ALJ then concluded that Carter was not disabled under the Act. (*Id.*)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council affirmed the decision. *See* 20 C.F.R. § 422.210(a). Carter subsequently exhausted his administrative remedies and filed an appeal in this Court. Now that his appeal has been properly briefed, this case is ripe for review under 42 U.S.C. § 405(g).

For the following reasons, the Court finds Carter's arguments regarding the ALJ's evaluation of his claim unpersuasive.

## II.

The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). Rather, the Court considers only whether the ALJ applied the correct law and whether substantial evidence supports the decision. *Bowen v. Commissioner of Social Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Here, Carter appeals issues related to the ALJ's consideration of his symptoms. Carter argues (1) the ALJ did not evaluate his symptoms in accordance with applicable authorities, resulting in legal error; and (2) the ALJ's credibility determination regarding the severity of his symptoms was not supported by substantial evidence.

For Carter's argument concerning legal error, the ALJ's decision will not be upheld "if the SSA fail[ed] to follow its own regulations," and that error prejudices Carter or deprives him of a substantial right. *Bowen*, 478 F.3d at 746. With than standard in mind, the Court turns to the applicable regulations. A two-step inquiry found in SSR 16-3p guides the evaluation of a claimant's symptoms. SSR 16-3p, 2017 WL 5180304, at *2. In promulgating SSR 16-3p, the Commissioner merely clarified the requirements set forth in the controlling regulation on this topic, 20 C.F.R. § 404.1529. *Id.* at *1. Ultimately, consideration of a claimant's symptoms helps the ALJ determine the appropriate RFC. § 404.1529(d).

Applying the two-step inquiry, the ALJ first determines whether an "underlying medically determinable physical or mental impairment(s) . . . could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, at *3. Second, the ALJ evaluates the "intensity and persistence," of those symptoms to "determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id*. Both SSR 16-3p and § 404.1529 require the ALJ to complete the second step by examining the claimant's statements, objective medical evidence, and non-medical evidence related to

3

the claimant's symptoms. *Id*. Additionally, the ALJ is required to consider the following factors to evaluate the intensity, persistence, and limiting effects of a claimant's symptoms:

(1) daily activities;
(2) the location, duration, frequency, and intensity of pain or other symptoms;
(3) factors that precipitate and aggravate the symptoms;
(4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
(5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
(6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
(7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

§ 404.1529(c)(3). Despite these specific considerations that ALJs are required to examine, the authorities also require ALJs to consider "the entire case record." SSR 16-3p at *2. In conducting this analysis, "it is not sufficient for [the ALJ] to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.' It is also not enough for [the ALJ] simply to recite the factors described in the regulations for evaluating symptoms." *Id*. at *10.

Here, Carter argues the ALJ did not evaluate his symptoms in accordance with the second step described in SSR 16-3p. More specifically, Carter argues that "the ALJ's subjective symptom analysis under 20 C.F.R. § 404.1529 and S.S.R. 16-3p should have addressed which of the seven subjective symptom factors described in the rules show, as the ALJ found, that Plaintiff can perform sedentary work." (DE 8 at 10.) Carter identifies the following selection from the decision to show the defectiveness of the ALJ's analysis:

> The undersigned finds that the claimant's activities of daily living and the record itself were not consistent with the claimant's allegations of debilitating impairments. Despite his allegations, the claimant testified that he prepares simple meals for himself, does the dishes, loads the dishwasher and attends church. These activities undermine the claimant's allegations because if his impairments were as severe as alleged, he would not likely engage in such.

4

> Furthermore, the record demonstrates that the claimant received some benefit in his neuropathic symptoms, from prescribed medication. (Ex 15F). This undermines the claimant's allegations because if his impairments were as severe as alleged, he would not have likely received such benefit from conservative measures. Overall, these activities and observations support the conclusion that the claimant is capable of performing more work-related activities than he alleged.

(DE 8 at 10-11) (citing AR 23.)

The Court is unpersuaded by Carter's argument. Carter misreads what the second step of SSR 16-3p and § 404.1529(c)(3) required from the ALJ. No provision in those authorities required the ALJ to identify which of the § 404.1529(c)(3) factors *ultimately* led to the RFC determination. Rather, those authorities merely required the ALJ to consider a variety of evidentiary sources and factors to determine whether the severity of Carter's symptoms limited his ability to work. SSR 16-3p, at *3; § 404.1529(c)(3).

After reviewing the record, the Court is convinced that the ALJ's decision reflects ample consideration of the various evidentiary sources and factors required by SSR 16-3p and § 404.1529. Here, the ALJ did not "make a single, conclusory statement that," Carter's alleged symptoms were inconsistent with other evidence (which would have constituted legal error). SSR 16-3p, at *10. Instead, the ALJ included nearly three pages of analysis in the decision which discuss all the required evidentiary sources and factors identified in SSR 16-3p and § 404.1529. (AR 23–25.) Accordingly, the Court finds that the ALJ did not commit legal error in evaluating Carter's symptoms.

Turning now to Carter's second argument—that being that the ALJ's credibility determination regarding the alleged severity of his symptoms was not supported by substantial evidence. While Carter does not frame this as a "substantial evidence" challenge in so many words, his argument most closely resembles that of a substantial evidence challenge. When reviewing a final decision of the Commissioner for substantial evidence, the Court determines whether that decision is based on "such relevant evidence as a reasonable

5

mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013). In the context of reviewing an ALJ's credibility determination of the alleged severity of a claimant's symptoms, the Court can disturb that determination only for a "compelling reason."[1] *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011). A claimant seeking to overturn such a determination "faces an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).

Here, Carter argues that the ALJ's determination concerning the severity of his symptoms was not consistent with the record. More specifically, Carter argues that his statements at the administrative hearing regarding the severity of his symptoms were entirely inconsistent with the ALJ's determination that his symptoms were not severe enough to warrant a more lenient RFC assessment than "sedentary work." (DE 8 at 11–12.) Carter concludes that, because his statements and other evidence in the record directly contradicted the ALJ's credibility determination, the ALJ's finding that his symptoms were not as severe as alleged was not supported by substantial evidence. (*Id.*)

On review of the ALJ's decision, the Court finds no error in the assessment of Carter's subjective symptoms. The ALJ acknowledged Carter's symptoms but simply found the alleged severity of those symptoms to be inconsistent with the evidence in the record. (AR 23.) The ALJ set forth several reasons supporting that determination. For example, the ALJ considered Carter's testimony that he made simple meals at home, did his own dishes, and

---

[1] The Court recognizes that SSR 16-3p replaced SSR 96-7p to eliminate any reference to the term "credibility" in the ALJ's assessment of a claimant's alleged symptoms. Nonetheless, courts throughout this circuit agree that SSR 16-3p requires no substantive change to the ALJ's analysis. *E.g., Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). The Court thus applies SSR 16-3p but "declines to engage in verbal gymnastics to avoid the term credibility where usage of the term is most logical." *Pettigrew v. Berryhill*, No. 1:17-CV-01118, 2018 WL 3104229, at *14, n.14 (N.D. Ohio June 4, 2018), *report and recommendation adopted*, 2018 WL 3093696 (N.D. Ohio June 22, 2018).

occasionally attended church. (*Id*.) Additionally, the ALJ considered the fact that Carter's symptoms improved after taking prescribed medication. (*Id*.) The ALJ also considered Carter's extensive treatment history that consisted of conservative, rather than extreme, efforts to provide him with symptom relief. (*Id*. at 23–24.) All these facts combined to signal to the ALJ that Carter's symptoms were not as severe as he alleged. (*Id*.)

Carter identifies very little countervailing evidence and does not challenge the veracity of any of the ALJ's particular findings. He instead relies primarily on his own statements made during the administrative hearing to support the veracity of the alleged severity of his symptoms. This reasoning is circular in nature and is therefore unhelpful to Carter's position. Carter also relies on semantics to support his position, attempting to distinguish between his specific statements made at the administrative hearing and the ALJ's consideration of those statements. (DE 8 at 11) ("Plaintiff did not testify that he 'does the dishes,' he answered, in response to his representative's question, that he can wash 'a few dishes.' AR 45. Washing a 'a few dishes' is not a specific reason under SSR 16-3p as to why Plaintiff's testimony that he can only sit for just 15-20 minutes at a time before he needs to change position is not credible.") This too is unavailing, as reading the ALJ's decision as a whole reveals ample consideration of the precise testimony Carter provided at the administrative hearing.

Accordingly, the Court finds that Carter has failed to provide any explanation as to how the ALJ erred. This is fatal to Carter's position that the ALJ's credibility determination regarding the severity of his symptoms was not supported by substantial evidence, especially in light of the enormous deference accorded to the ALJ's evaluation of his symptoms. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) ("While in theory we will not disturb an ALJ's credibility determination without a compelling reason . . . in practice ALJ credibility findings have become essentially unchallengeable.") (internal citations and

quotations omitted). Thus, reading the ALJ's decision holistically, the Court finds the decision was based on substantial evidence.

### III.

Based on the foregoing, it is hereby ORDERED that

(1) the plaintiff's motion for reversal and remand (DE 8) is DENIED;

(2) the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), in that it was supported by substantial evidence and was decided by proper legal standards; and

(3) a judgment will be entered contemporaneously with this order.

This 10th day of December, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY